UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

                Plaintiff,

      v.

SGT. SULLIVAN, *et al*.,

                Defendants.

Case No. C09-5228RJB-KLS

REPORT AND RECOMMENDATION

Noted for November 20, 2009

    This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on defendants' motion to dismiss plaintiff's civil rights complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). (Dkt. #16). Having reviewed defendants' motion and the balance of the record – including the complaint, plaintiff's response to defendants' motion and defendants' reply thereto – the undersigned submits the following report and recommendation for the Court's review.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

    This case involves a civil rights action under 42 U.S.C. § 1983, in which plaintiff alleges that on June 7, 2006, while he was incarcerated at the Stafford Creek Corrections Center ("SCCC"), defendant Caroline Hardy intercepted, and then confiscated, a letter he had sent out by United States mail. (Dkt. #5, p. 7). Plaintiff alleges defendant Hardy cited "solicitation of funds or services" as the reason for the mail restriction, even though the letter he sent did not solicit any funds or services. (Id). Plaintiff also alleges that although he "properly filed multiple appeals to" defendant Capt. Jones and defendant Ruben Cedeno,

those appeals were denied "for no adequate reason." (Id. (emphasis in original)). Plaintiff further alleges that the letter was never allowed to leave the SCCC, nor was it ever returned to him. (Id.).

Plaintiff, in addition, alleges in his complaint that in "early June 2006," while still incarcerated at the SCCC, "at least two (2) pieces of incoming U.S. mail addressed to" him "were intercepted, rejected and returned" without notice "to the sender." (Id. at p. 8). Plaintiff alleges as well that on June 14, 2006, defendant Sgt. Sullivan told him that "she made an intentional decision to violate policy and return" his "mail without due process." (Id.). Based on the above claims, plaintiff asserts the following three causes of action:

> FIRST CAUSE OF ACTION: Defendants Hardy, Sullivan, Jones and Cedeno by and through their acts and omissions did violate the Plaintiff's First and Fourteenth Amendment rights to the U.S. Constitution.
>
> SECOND CAUSE OF ACTION: Defendants Sullivan, Jones and Cedeno by and through their acts and omissions did fail to train and supervise employees resulting in the interception and confiscation of the Plaintiff's mail – incoming and outgoing.
>
> THIRD CAUSE OF ACTION: Defendants Hardy, Jones, Sullivan and Cedeno, by and through their acts and omissions, did negligently perform duties, in breach of duties, resulting in the interception and confiscation of the Plaintiff's mail – incoming and outgoing.

(Id. at pp. 8-9). Plaintiff requests compensatory and punitive damages, as well as both declaratory and injunctive relief. (Id. at p. 4).

In their motion to dismiss, defendants argue plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Specifically, defendants – all of whom were employees of the Washington State Department of Corrections ("DOC") during the relevant time period – assert that: (1) they cannot be held liable under section 1983 based on their supervisory authority; (2) the doctrine of *res judicata* applies to bar the claims against them; (3) plaintiff's request for injunctive relief is moot, as he is no longer incarcerated at the institution where they are employed; and (4) the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

As plaintiff has filed a response to defendants' motion, and defendants have filed a reply thereto, that motion is now ripe for consideration. For the reasons set forth below, the undersigned recommends that: (a) the Court grant the motion to dismiss all of plaintiff's claims against defendants Jones, Hardy and Cedeno; (b) deny the motion in regard to all claims, but for those contained in the second cause of action noted above, against defendant Sullivan; and (c) refer this matter back to the undersigned for the purpose

of conducting all further necessary proceedings concerning the remaining claims.

DISCUSSION

I.      Standards of Review

    A.      Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (internal citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.; see also Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusionary allegations, unsupported by facts are not sufficient to state section 1983 claim); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Thus, while the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." Pena, 976 F.2d at 471.

    B.      Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section

1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A person will be held to deprive another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original) (citation omitted). The Court's inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id.

II.   No Liability Under Section 1983 on the Basis of *Respondeat Superior*

As just noted, plaintiff alleges defendants Jones, Cedeno and Sullivan failed to train and supervise employees, resulting in his mail being intercepted and confiscated. Also as noted above, defendants argue this is not a proper basis for asserting liability under 42 U.S.C. § 1983. The undersigned agrees. Liability under section 1983 will not be found solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978); Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982) (theory of *respondeat superior* insufficient to state section 1983 claim). In other words, the "liability of supervisory personnel" under that section "must be based on more than the right to control employees." Bellamy v. Bradley, 729 F.2d 416, 421 (1984).

Instead, plaintiff must show "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Id. "At a minimum," therefore, it must be demonstrated that the supervisor "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Id. Thus, for example, a factual showing merely indicating "some instances of alleged" harm "were brought to the attention of prison supervisory officials," is insufficient to establish such officials "actively participated in or authorized" the harm alleged. Id.

Because plaintiff's alleges in his second cause of action merely that defendants Jones, Cedeno and Sullivan failed to train and supervise employees, that cause of action is based solely on those defendants' supervisory responsibility or position, and thus does not form a proper basis for holding them liable under

REPORT AND RECOMMENDATION
Page - 4

section 1983. Plaintiff argues in his response to defendants' motion that each of these named defendants "supported and encouraged" the constitutional harm alleged. (Dkt. #20, p. 14). But this general assertion of support and encouragement, without any specific factual showing to back it up, clearly falls far short of what must be demonstrated to establish liability on the part of supervisory officials.

III. Dismissal Based on *Res Judicata*

Defendants next argue in their motion to dismiss that plaintiff's claims are barred by the doctrine of *res judicata*. Specifically, defendants point to an order issued by the Honorable Ronald B. Leighton on April 21, 2009, dismissing a prior complaint plaintiff had filed regarding the rejection on June 6, 2006, by defendant Hardy of another letter he had sent out through the United States mail. See Smith v. Hardy, *et al*, C06-5455RBL (Dkt. #6, p. 3; Dkt. #42). Plaintiff alleged in that complaint that: (1) defendant Hardy prevented the letter "from leaving the prison for no adequate reason and with inadequate notice," but "for punishment, as a customary practice, as improperly applied policy and due to inadequate training"; (2) that defendants Jones and Cedeno, along with Doug Waddington, the Superintendent of the SCCC at the time, upheld on appeal the mail rejection again "for no adequate reason"; (3) and that defendants Waddington, Jones and Cedeno (i) failed to properly train and supervise the prison guards handling his mail, and (i) promulgated and implemented "all customs, practices and policies used to reject" his mail. (Id.). Plaintiff also set forth in the prior complaint the following three causes of action:

> FIRST CAUSE OF ACTION: Defendants HARDY, WADDINGTON, JONES and CEDENO, severally and jointly, in their individual and official capacities, did violate, by and through their acts and omissions, plaintiff's First Amendment rights under the U.S. Constitution.
>
> SECOND CAUSE OF ACTION: Defendants HARDY, WADDINGTON, JONES and CEDENO, severally and jointly, in their individual and official capacities, by and through their acts and omissions, did violate plaintiff's due process rights under the First and Fourteenth Amendments of the U.S. Constitution[.]
>
> THIRD CAUSE OF ACTION: Defendants WADDINGTON, JONES and CEDENO failed to adequately train and supervise guards handling plaintiff's mail.

(Id., p. 5). The relief plaintiff requested also was substantially similar to that which he now requests in his current complaint. (Id., p. 4).

A. Materials Outside the Pleadings

Before addressing the issue of whether the doctrine of *res judicata* applies in this matter, the Court first must determine whether plaintiff's prior complaint, and case in general, may even be considered. As

REPORT AND RECOMMENDATION
Page - 5

discussed above, the Court generally "may not consider any material beyond the pleadings" in ruling on a motion to dismiss. Lee, 250 F.3d at 688 (citation omitted). Accordingly, Fed. R. Civ. P. 12(b) provides in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, a motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 if either party submits materials outside the pleadings in support of or opposition to the motion, and the Court relies on those materials. Fed. R. Civ. P. 12(b); see also Jackson v. Southern California Gas Co., 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."). Failure to treat the motion as one for summary judgment would constitute reversible error. See Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982); Costen v. Pauline's Sportswear, Inc., 391 F.2d 81, 84-85 (9th Cir. 1968).

One recognized exception to this requirement, however, is that courts "may take judicial notice of 'matters of public record.'" Lee, 250 F.3d at 689 (citing Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1998)); see also Gemtel Corp. v. Community Redevelopment Agency, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994) (looking beyond complaint to matters of public record does not convert Rule 12(b)(6) motion to one for summary judgment). On the other hand, "a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" Lee, 250 F.3d at 689 (quoting Federal Rule of Evidence 201(b)). In addition, "when a court takes judicial notice of another court's opinion, it may do so" in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" Id. at 690 (quoting Southern Cross Oversees Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3rd Cir. 1999)).

Here, the Court finds that consideration of plaintiff's prior complaint, and the court rulings dealing therewith, does not convert defendants' motion to dismiss into a motion for summary judgment. This is because, as explained in further detail below, consideration thereof is being made only for the purpose of evaluating the similarity, or lack thereof, of the claims contained in that and the current complaint, and of

REPORT AND RECOMMENDATION
Page - 6

1 determining the nature of the prior court rulings with respect thereto, and not for the truth of the facts set
2 forth in those documents. Thus, the Court will examine these "matters of public record" in determining
3 whether *res judicata* applies here.

   B.  <u>Application of *Res Judicata* in This Matter</u>

   The doctrine of *res judicata*, "also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." <u>Western Radio Services Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997). *Res judicata*, therefore, "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." <u>Gregory v. Widnall</u>, 153 F.3d 1071, 1074 (9th Cir. 1998) (citation omitted). That doctrine "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." <u>Headwaters, Inc. v. U.S. Forest Service</u>, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (citation omitted). For it "to apply, there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." <u>Western Radio Services Co.</u>, 123 F.3d at 1192; <u>Headwaters</u>, 399 F.3d at 1052.

   At the outset, plaintiff argues that he could not have raised the mail rejection issues he does in his current complaint, when he filed his prior complaint. First, plaintiff asserts that when he filed the prior complaint, he was not in possession of the different mail rejections at the same time, due to his limited ability to access legal documents. Plaintiff also asserts that because the mail restrictions at issue in this case were not administratively exhausted until September 2006, he could not have included those claims in his prior complaint, which was filed the month prior thereto. However, even if plaintiff did not have possession of each rejection and had not fully exhausted all administrative remedies at the time he filed the prior complaint, he does not explain why he did not later amend his complaint to include those claims during the subsequent two months before the defendants' filing of their answer, as he would have been entitled to do. <u>See</u> C06-5455RBL (Dkt. #22); <u>see also</u> Fed. R. Civ. P. 15(a) (party may amend its pleading once as matter of course before being served with responsive pleading). Accordingly, plaintiff's assertion here is wholly unpersuasive and is therefore rejected.

   1.  <u>Identity of Claims</u>

   "In determining whether a present dispute concerns the same claims as prior litigation," the Court

REPORT AND RECOMMENDATION
Page - 7

considers the following:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

Headwaters, 399 F.3d at 1052 (citation omitted). Since the criteria as to whether plaintiff's claims in the two complaints arise out of the same transactional nucleus of facts is the most important, the Court begins its analysis there. Plaintiff asserts there is no such common transactional nucleus, as those claims concern different mail rejections. While those lawsuits do involve different individual rejections, the Court finds this to be a distinction without a difference. This is because those rejections all deal with the same general subject matter – i.e., restriction of ingoing and/or outgoing mail for no, inadequate or improper reasons – and were issued within the same essentially two-week period. Indeed, plaintiff's current complaint itself involves claims regarding three separate mail rejections.

Both this and the prior lawsuit also contain identical federal claims, that is, claims based on failure to train and supervise and on violations of the First and Fourteenth Amendments. That plaintiff's current complaint raises an additional state law negligence claim is irrelevant, because the Court's jurisdiction is determined based solely on the validity of the federal claims contained therein. In addition, the second criteria for determining identity of claims is inapplicable here, as no evidence has been presented by the parties to this case, other than the claims and assertions contained in their own pleadings, which – at least in regard to those made by plaintiff – are essentially identical to those raised in the prior lawsuit. Lastly, given the substantial similarity of claims in this and the prior action, any rights or interests with respect to the mail rejections established in that prior action, necessarily will be impacted by a contrary ruling in this matter. Accordingly, the Court finds there is an identity of claims here.

2. Final Judgment on the Merits

On May 18, 2007, Judge Leighton issued an order dismissing with prejudice plaintiff's prior complaint, which, as noted above, defendants correctly state constituted a final judgment on the merits. See C06-5455RBL (Dkt. #42). That final judgment, however, was successfully appealed by plaintiff to the Ninth Circuit, which on January 15, 2009, reversed Judge's Leighton's decision, and remanded the matter for further consideration. Id. (Dkt. #50-#51). Accordingly, at the time plaintiff filed his current

complaint with this Court, April 20, 2009, the decision issued by Judge Leighton was no longer in effect. (Dkt. #1). Nevertheless, just ten days prior to the filing of that complaint, the parties in <u>Smith v. Hardy, et al</u>, filed a stipulation for dismissal with prejudice of plaintiff's complaint in that matter, which the Court granted on April 21, 2009. C06-5455RBL (Dkt. #55, #58-#59).

Although the stipulated dismissal of the prior complaint did not directly address the merits of the claims contained therein, it still constitutes a final judgment on the merits for *res judicata* purposes. <u>See</u> <u>Headwaters</u>, 399 F.3d at 1052 and n.4 ("[A] stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court.").[1] The Court, therefore, finds that the second requirement for applying the doctrine of *res judicata* has been met here.

### 3. Identity or Privity of Parties

As noted by defendants, three of the four parties in this matter – defendants Hardy, Jones and Cedeno – also constituted three of the four parties in <u>Smith v. Hardy, et al</u>. <u>See</u> (Dkt. #5); C06-5455RBL (Dkt. #6). As such, this third and last requirement for establishing *res judicata* has been met with respect to those three defendants. Accordingly, plaintiff is precluded from bringing the federal claims set forth in his current complaint against those named defendants. Defendants argue the fourth defendant named in plaintiff's prior complaint, Doug Waddington (the Superintendent of the SCCC at the time) is in privity to the fourth defendant named in the current complaint, defendant Sullivan (a prison sergeant at the SCCC at the time). The Court disagrees.

---

[1] Apparently, this is not so in regard to claims in a subsequent action filed in another court, as the Ninth Circuit explained:

> We note that a stipulated dismissal "with prejudice" under Rule 41 of the Federal Rules of Civil Procedure may not have *res judicata* effect, even for the named parties in that suit, in another court. *In Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), the Supreme Court noted that although such dismissals are commonly denominated adjudications "on the merits," only a judgment that "actually passes directly on the substance of a particular claim before the court . . . triggers the doctrine of *res judicata* or claim preclusion." *Id.* at 501-02, 121 S.Ct. 1021 (alterations and citation omitted). Consequently, a dismissal with prejudice in federal court "bar[s] refiling of the same claim in" the same district court, but is only "a necessary condition, not a sufficient one, for claim-preclusive effect in other courts." *Id.* at 506, 121 S.Ct. 1021. As this case was filed in the same district court as the one claimed to be preclusive, however, the otherwise important distinction made in *Semtek* is not pertinent to this prong of the inquiry.

<u>Headwaters</u>, 399 F.3d at 1052 n.4. So too, here, as plaintiff's two complaints were filed in the same court, the stipulated dismissal with prejudice of the prior complaint constitutes a final judgment on the merits.

REPORT AND RECOMMENDATION
Page - 9

The term "privity" is "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" Headwaters, 399 F.3d at 1052-53 (citation omitted). However, "parallel legal interests alone, identical or otherwise, are not sufficient to establish privity." Id. at 1053 (citing Favish v. Office of Indep. Counsel, 217 F.3d 1168, 1171 (9th Cir. 2000) (finding no privity where former and present litigants shared merely abstract interest in enforcement of same legal requirement)).

Defendants argue defendant Sullivan represents "precisely the same right in respect to the subject matter involved" as defendants Jones, Hardy and Cedeno, as he played "the same role in the mail rejection process at [the] SCCC." (Dkt. #16, p. 6). Defendants also argue privity exists between defendant Sullivan and defendant Waddington, since defendant Sullivan was an employee of defendant Waddington, who, as noted above, was the Superintendent of the SCCC at the time. First, clearly defendant Sullivan is not in the same legal position as either defendants Cedeno in this case, who is the Deputy Director of the DOC, and thus would play an entirely different role in the mail rejection process. The same would be true with respect to defendant Waddington in the prior case. In other words, there is no indication that the duties of these three DOC personnel were at all the same in that regard.

That defendant Sullivan may have been defendant Waddington's employee at the SCCC when the mail rejections occurred, also is not a valid basis for finding privity. See Headwaters, 399 F.3d at 1053 (noting limited number of legal relationships where identical or transferred rights in regard to particular claim traditionally have resulted in privity, such as decedents and their heirs, none of which includes that between employer and employee).[2] That leaves defendants Jones and Hardy. Here too, it is not clear that those two defendants played the same role in the SCCC's mail rejection process. For one thing,

---

[2]It is true that "'privity is now used to describe various relationships between litigants that would not have come within the traditional definition of that term." Id. (quoting Richards v. Jefferson Co., 517 U.S. 793, 798 (1996)). One such relationship, which has been added "to the traditional privity categories," are "circumstances in which '[a] person who is not a party to an action . . . is represented by a party,' including trustees and beneficiaries, other fiduciary relationships and consensual or legal representational relationships, and '[t]he representative of a class of persons similarly situated, designated as such with the approval of the court, of which the person is a member.'" Id. (quoting RESTATEMENT (SECOND0 OF JUDGMENTS § 41(1)). Another such relationship that has been added are:

"[C]ertain limited circumstances [in which] a person, although not a party, has his [or her] interests adequately represented by someone with the same interests who is a party," including "'class' or 'representative' suit" and "control of litigation on behalf of one of the parities in the litigation" as well as "special remedial scheme[s] . . . expressly foreclosing successive litigation by nonlitigants, as for example in bankruptcy or probate.'"

Id. (quoting Martin v. Wilks, 490 U.S. 755, 762 n.2 (1989)). Neither of these examples applies here.

1 defendant Sullivan is a sergeant, whereas defendants Jones and Hardy are not, thereby indicating
defendant Sullivan may have more, or different, responsibilities in that regard. Second, it appears from
the claims in both of plaintiff's complaints, that defendants Jones and Sullivan had at least some decision-
making authority at the administrative appeal level, while defendant Hardy did not. Accordingly, the
undersigned finds privity of parties has not been established with respect to defendant Sullivan, and thus
the doctrine of *res judicata* does not bar plaintiff's claims against him.

IV. Plaintiff's Request for Injunctive Relief

As noted above, among the requests for relief plaintiff's sets forth in his current complaint, is one for "injunctive relief." (Dkt. #5, p. 4). Defendants argue this unspecified request for injunctive relief must be dismissed as being moot, because plaintiff is no longer housed at the prison facility where any of them are employed. The Court agrees. To claim injunctive relief, plaintiff "must demonstrate that a 'credible threat' exists that" he "will again be subject to the specific injury for which" he seeks such relief. Nelsen v. King Co., 895 F.2d 1248, 1250 (9th Cir. 1990) (citing Kolender v. Lawson, 461 U.S. 352, 355 n. 3 (1983)). Plaintiff must make "[a] reasonable showing of a 'sufficient likelihood'" that he "will be injured again." Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95, 108, 111 (1983)). Thus, a "'mere physical or theoretical possibility' of a challenged action again affecting" plaintiff "is not sufficient." Id. (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)). Rather, "[t]here must be a 'demonstrated probability'" that he "will again be among those injured." Id.

This "demonstrated probability" has been described as requiring "an individualized showing that there is 'a very significant possibility' that the future harm will ensue" Id. (citation omitted). The Court lacks jurisdiction over the claim absent "a sufficient likelihood of recurrence with respect to the party now before it." Id. at 1251 (citation omitted). In addition, "past exposure to harm is largely irrelevant when analyzing claims of standing for injunctive relief that are predicated upon threats of future harm," if such exposure is "unaccompanied by any continuing present adverse effects." Id. (citation omitted). The Court also "must consider all the contingencies that may arise in the individual case before the future harm will ensue." Id. The burden of showing a likelihood of recurrence of the future harm is "firmly on" plaintiff, and a lack of standing will be found where the claim relies on "a chain of speculative contingencies." Id. at 1251-52 (citation omitted).

REPORT AND RECOMMENDATION
Page - 11

Similarly, a claim for injunctive relief is moot where "there is neither a 'reasonable expectation' nor 'demonstrated probability'" that plaintiff "will again return" to the correctional institution where the challenged action occurred, i.e., where it is "unlikely" he "will ever again be subject to" such action. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986); see also Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (because plaintiff demonstrated no reasonable expectation of returning to prison from which he was transferred, claims for injunctive relief were moot); Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1995) (claim that plaintiff might be transferred back to prior institution some time in future was not sufficient to demonstrate reasonable expectation, and therefore was too speculative to prevent mootness). As succinctly explained by the United States Supreme Court:

> "[P]leadings must be something more than an ingenious academic exercise in the conceivable. A plaintiff must allege that he has been or will in fact be perceptibly harmed by the challenged agency action, not that he can imagine circumstances in which he could be affected by the agency's action."

Preiser v. Newkirk, 422 U.S. 395, 403 (1975) (noting further in context of declaratory judgment request that while possibility that challenged agency action might occur in future always exists, such speculative contingencies afford no basis for passing on substantive issues raised) (citations omitted).

Plaintiff, who is currently incarcerated at the Clallam Bay Corrections Center ("CBCC"), has made no showing that he has a reasonable expectation of returning to the SCCC. Thus, he has failed to show he has standing to bring a claim for injunctive relief. In addition, 18 U.S.C. § 3626 states:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1). Again, as discussed above, to successfully request such injunctive relief, plaintiff here must show the threat is real and immediate, not conjectural or hypothetical. Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 557 (9th Cir. 1990); Kaiser v. County of Sacramento, 780 F.Supp. 1309, 1311 (E.D. Cal. 1991).

In addition to failing to make this showing, plaintiff's request merely for "injunctive relief" further lacks the specificity required by section 3626 above. Plaintiff asserts defendants are still holding on to

1 the mail he sent, but, as pointed out by defendants, he has failed to present any specific facts – let alone
2 allege in his complaint – to show that this is the case. Once more, speculative allegations of continuing
3 harm, of which this clearly is one, are insufficient to create standing to request injunctive relief. Plaintiff,
4 therefore, may not bring a request for such relief against any of the named defendants.

5 V.     Plaintiff's State Law Claims

6      Where "there is no independent basis for federal jurisdiction," such as is the case here with respect
7 to the claims against defendants Hardy, Jones and Cedeno as discussed above, that is, where the federal
8 claims are "absolutely devoid of merit or obviously frivolous," supplemental jurisdiction does not attach.
9 Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (citation omitted); Hunter v. United Van Lines, 746
10 F.2d 635, 649 (9th Cir. 1985) (federal court's jurisdiction over state-law claim is entirely derivative of its
11 jurisdiction over federal claim). Further, to the extent the federal claims can be said to have merit, "[t]he
12 decision to retain jurisdiction over state law claims," even when "the federal claims over which" the
13 Court "had original jurisdiction are dismissed," is entirely within the Court's discretion." Brady, 51 F.3d
14 at 816; see also United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (supplemental
15 jurisdiction is doctrine of discretion, not of plaintiff's right).

16      In weighing whether to retain jurisdiction over plaintiff's state law claims here, the Court weighs
17 "factors such as economy, convenience, fairness, and comity." Brady, 51 F.3d at 816. In this case, those
18 factors weigh against retaining jurisdiction over plaintiff's state law claims against defendants Hardy,
19 Jones and Cedeno. First, dismissal thereof is not improper at this stage of the proceedings. Gibbs, 383
20 U.S. at 726 (if federal claims are dismissed before trial, even though not insubstantial in jurisdictional
21 sense, state law claims also should be dismissed). Second, although plaintiff's state law claims against
22 these defendants do not "substantially predominate," those claims are not "so closely tied to questions of
23 federal policy that the argument for exercise" of supplemental jurisdiction "is particularly strong" here.
24 Id. at 726-27. Accordingly, the undersigned finds that the Court should decline to exercise such
25 jurisdiction over defendants Hardy, Jones and Cedeno in this case. Id. at 727.

26      As for plaintiff's state law claims against defendant Sullivan, though, the undersigned finds that a
27 determination as to whether supplemental jurisdiction over those claims should be exercised is premature
28 at this time. This is because, as discussed above, defendants have failed to show the constitutional claims

REPORT AND RECOMMENDATION
Page - 13

1 | plaintiff has asserted against him are barred by the doctrine of *res judicata*. Should it later be determined on referral from the Court that those federal claims are without merit, then it will be appropriate to decide whether or not such jurisdiction should be exercised.

## CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court GRANT defendants' motion to dismiss (Dkt. #16) all claims contained in plaintiff's complaint (Dkt. #5) against defendants Hardy, Jones and Cedeno. In addition, also for the reasons set forth above, the undersigned recommends that the Court DENY defendants' motion to dismiss the claims against defendant Sullivan, but GRANT that motion with respect to any claims made against defendant Sullivan based solely on his supervisory responsibility or position. It further is recommended that upon adoption of the findings contained herein, the Court refer this matter back to the undersigned to conduct all further necessary proceedings regarding the remaining claims against defendant Sullivan.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **ten (10) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 20, 2009**, as noted in the caption.

DATED this 28th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge