UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT C. SMITH,

    Plaintiff,

vs.

SGT. SULLIVAN, et al.,

    Defendants.

Case No. 09-5228-RJB-KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 22. The Court has considered the Report and Recommendation, Plaintiff's objections (Dkt. 23), Defendants' response (Dkt. 24), and the record herein.

The Report and Recommendation throughly discusses the facts and law at issue here, and it should be adopted. The defendants move to dismiss the plaintiff's civil rights complaint on four grounds: 1) they cannot be held liable for § 1983 violations under a theory of *respondeat superior*; 2) the doctrine of *res judicata* bars the plaintiff from proceeding with his claims; 3) the plaintiff's claim for injunctive relief is moot because he has been transferred to a different correctional facility; and 4) the court should decline to exercise supplemental jurisdiction over the plaintiff's state law claim. Dkt. 16.

The Report recommends the following: that the court grant the defendants' motion to dismiss all claims against defendants Jones, Hardy, and Cedeno; that the court grant the defendants' motion to dismiss the second cause of action (failure to adequately train or supervise) against defendant Sullivan; that the court deny the defendants' motion to dismiss the first and third causes of action (violation of First and Fourteenth Amendment rights and negligent performance of duty) against defendant Sullivan; and that the

ORDER
Page - 1

court refer the matter back to the Magistrate Judge for further proceedings. Dkt. 22.

The plaintiff objects to several points contained within the Report. First, the plaintiff argues that his previously litigated action, (used as the basis for the Report's *res judicata* analysis), never addressed the issue of the defendants' failure to adequately supervise or train corrections staff. However, the plaintiff mistakes the Report's conclusion regarding *res judicata*, which is the basis for the recommendation to dismiss the first and third causes of action against each defendant except Defendant Sullivan, with the Report's conclusion regarding *respondeat superior*, which is the basis for the recommendation to dismiss the second cause of action against each defendant. The fact that the previous action never addressed supervisor liability is immaterial to the Report's conclusion that there is no *respondeat superior* theory of liability for § 1983 violations.

The plaintiff next objects to the Report's *res judicata* analysis. The plaintiff argues that litigation of the current claim was not possible during his previous action due to facility rules regarding access to legal paperwork. The plaintiff also attacks the Report's application of the facts to the elements of *res judicata*. However, the Report adequately addresses each concern raised in the plaintiff's objection in reaching its recommendation and the objection does not warrant further analysis or discussion.

Lastly, the plaintiff objects to the Report's conclusion that he has failed to adequately request injunctive relief. The plaintiff's only argument regards the allegation that the defendants refuse to return the plaintiff's confiscated letter. The Report adequately addresses this concern in reaching its recommendation and the objection does not warrant further analysis or discussion.

The Court hereby **FINDS** and **ORDERS**:

1. The court adopts the Report and Recommendation (Dkt. 22);
2. Defendants' Motion to Dismiss (Dkt. 16) is **GRANTED** in part and **DENIED** in part as follows:
   i. Defendants' Motion to Dismiss insofar as it relates to claims against defendants Jones, Hardy, and Cedeno is GRANTED, and the Plaintiff's causes of action against these defendants are DISMISSED;

|   |   |
|---|---|
| 1 | ii.  Defendants' Motion to Dismiss insofar as it relates to the claim of failure to adequately |
| 2 | train or supervise employees against Defendant Sullivan is GRANTED, and the Plaintiff's |
| 3 | second cause of action against Defendant Sullivan is DISMISSED; |
| 4 | iii.  Defendants' Motion to Dismiss insofar as it relates to claims of violation of First and |
| 5 | Fourteenth Amendment rights and negligent performance of duty against Defendant |
| 6 | Sullivan is DENIED; |

3.  This matter is referred to the Hon. Karen L. Strombom for all further proceedings regarding the remaining claims against Defendant Sullivan; and

The Clerk is directed to send copies of this Order to plaintiff, all attorneys of record, and to the Hon. Karen L. Strombom.

DATED this 1st day of December, 2009.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge